CITY OF NORWOOD, APPELLANT, *v.* HIGHLAND AERIE No. 449, FRATERNAL ORDER OF EAGLES ET AL., APPELLEES.

No. 11434—Decided April 19, 1971.)

138

*Messrs. Spraul & Reyering* and *Mr. Thomas C. Spraul,* for appellant.

*Mr. Edward A. Hogan* and *Mr. Laurence Collins,* for appellees.

HESS, P. J. This is an appeal from the Court of Common Pleas, Hamilton County, by the city of Norwood pursuant to a verdict in favor of the land owner in a proceeding to assess compensation for property appropriated for public use.

The record discloses that the city of Norwood, herein referred to as City, appropriated the property of the Highland Aerie No. 449, Fraternal Order of Eagles, herein referred to as Owner, for urban renewal purposes. All proceedings leading to a trial by jury appear to be in keeping with the laws of Ohio governing the appropriation of property for public use. A jury heard voluminous evidence offered by the Owner and City to establish the fair and reasonable market value of Owner's property.

The Owner presented evidence purporting to prove the market value of the property in question was between $301,000 and $311,000. The City presented evidence that the market value of the Owner's property was between $110,000 and $125,000. The jury returned a verdict in favor of Owner in the sum of $269,200.

Having concluded that the verdict of the jury was excessive, the City filed a motion for a new trial, which was overruled, and judgment was entered by the trial court in favor of the Owner in the sum of $269,200. It is from that judgment this appeal is taken.

The City presents two assignments of error: One, that ''counsel for the Eagles [Owner] acted improperly in (A) accusing opposing counsel of trying to confuse the jury; (B) making repeated statements before the jury when opposing counsel was cross-examining witnesses, charging opposing counsel with improprieties; (C) accusing the condemnor in final argument with treating the property

owner unfairly; (D) accusing the condemnor and its counsel with treating the jury unfairly; (E) appealing to passion and prejudice in final argument by referring to the Eagles as a benevolent society; (F) referring in final argument to figures which were not in evidence.''

The second assignment of error is that ''the trial court erred in giving the following charge over objection: Just compensation to be paid to the owner should be such as to make the owner whole, that is such as to put the owner in as good a financial position after the appropriation as the owner was before the appropriation.''

First, we will consider the second assignment of error, which presents the issue of whether the instruction of the court, quoted above, was prejudicial to the City.

In the case of *In Re Appropriation for Highway Purposes*, 23 Ohio App. 2d 56, the trial court instructed the jury ''that compensation paid to a landowner shall be such as to make him whole, that is, such as to put him in as good a financial condition after the appropriation as he was before. In measuring such compensation while the standard of measure is market value, market value is not necessarily an end in and of itself, the ultimate object being the ascertainment of just compensation to the owner.''

In commenting upon this instruction, the pertinent portion of which is identical with the instruction in the instant case, Judge Guernsey, in writing the opinion for the Court of Appeals for Allen County held that the owner ''was entitled to recoup the value of the property taken from him but not entitled to recoup the loss of income to put him in as good a financial condition after the appropriation as he was before. Change of financial condition in this manner is equivalent to the loss of future business profits, which loss is not compensable in an appropriation action. *Preston, Dir.*, v. *Stover Leslie Flying Service, Inc.*, 174 Ohio St. 441.'' The court held further that ''the giving of such instruction was wholly erroneous and prejudicial to the rights of the director in the appropriation action.''

The motion to certify the record of the Allen County case (23 Ohio App. 56) to the Supreme Court was over-

ruled by that court on December 2, 1970 (case No. 70-626). This is the latest expression of the Supreme Court which, by its action, approves our conclusion that the instruction of the trial court in the instant case was prejudicial error.

Counsel for Owner argues at length that although a minor portion of or a sentence in the instruction of the court to the jury standing alone may be erroneous, it should not be considered prejudicial if the instruction in its entirety would indicate such instruction is not prejudicial. This is true in many instances. However, as in the instant case, if the instruction given concerns the essence of the central issue of the case, and it is wholly erroneous, it must be considered prejudicial.

The first assignment of error lists many complaints in the introduction of evidence and the conduct of counsel during the trial. The record will disclose the trial court did permit evidence and comments of counsel which were in keeping with the concept of the law expressed in its instruction to the jury which we have found to be prejudicial error. No purpose would be served in further discussing the first assignment of error.

The judgment of the Court of Common Pleas is reversed and the cause is remanded to that court for further proceedings according to law.

*Judgment reversed.*

SHANNON, J., concurs.
YOUNG, J., not participating.